STATE of Wisconsin, Plaintiff-Appellant,

v.

Richard DENTER, Gregory Oppermann,
and James Woodrow, Defendants-Respondents.

Supreme Court

*No. 83–1873–CR. Submitted on briefs November 1, 1984.—
Decided November 27, 1984.*

(Also reported in 357 N.W.2d 555.)

For the plaintiff-appellant there was a brief by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the defendants-respondents there were briefs by *Timothy Riordan,* Milwaukee, for Richard Denter; *Richard H. Hart* and *Law Offices of Marvin Resnick, S.C.,* Milwaukee, for Gregory Oppermann; and, *Gregory J. Rogaczewski,* Greenfield, for James Woodrow.

WILLIAM G. CALLOW, J.   This is an appeal from an order of the circuit court for Milwaukee county dismissing two counts of a criminal complaint against

the defendants. This appeal was certified by the court of appeals and accepted by this court pursuant to sec. (Rule) 809.61, Stats. We reverse the order of the circuit court and remand the cause for further proceedings.

The issue presented on appeal is whether a Class A misdemeanor is converted to a felony when a defendant is charged with committing the crime while possessing, using, or threatening to use a dangerous weapon because sec. 939.63(1)(a)1, Stats., increases the maximum term of imprisonment which may be imposed for the offense to more than one year.

Richard Denter, Gregory Oppermann, and James Woodrow were charged with one count of disorderly conduct and two counts of battery while threatening the use of a dangerous weapon as parties to a crime, in violation of secs. 947.01,[1] 940.19(1),[2] 939.63(1)(a)1,[3] and 939.05,[4] Stats. Denter was also charged with ob-

---

[1] Sec. 947.01, Stats., provides:

"**Disorderly conduct.** Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor."

[2] Sec. 940.19(1), Stats., provides:

"**Battery; aggravated battery.** (1) Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor."

[3] Sec. 939.63(1)(a)1, Stats., provides:

"**Penalties; use of a dangerous weapon.** (1)(a) If a person commits a crime while possessing, using or threatening to use a dangerous weapon, the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

"1. The maximum term of imprisonment for a misdemeanor may be increased by not more than 6 months."

[4] Sec. 939.05(1), Stats., provides:

"**Parties to crime.** (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it

structing an officer in violation of sec. 946.41.[5] The criminal complaint was dated January 28, 1983. The case was docketed and processed as a misdemeanor prosecution. No preliminary examination was held, since secs. 970.03 and 971.02 provide that preliminaries are required only when the defendant has been charged with a felony.

All three defendants moved to dismiss the second and third counts of the complaint, which were the charges of battery while threatening the use of a dangerous weapon, on the ground that, because sec. 939.63(1)(a)1, Stats., provided that the maximum term of imprisonment for battery may be increased by six months to a total of fifteen months, the crime was converted to a felony,[6] and no preliminary examination had been held within the time limits set forth in sec. 970.03. At a hearing held on April 15, 1983, the trial court ruled that a Class A misdemeanor, such as battery, is converted to a felony when a defendant is charged with committing the crime while possessing, using, or threatening to use a dangerous weapon. The court reasoned that, not only did the allegation of threatening use of

has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act."

[5] Sec. 946.41, Stats., provides in relevant part:

"**Resisting or obstructing officer.** (1) Whoever knowingly resists or obstructs an officer while such officer is doing any act in an official capacity and with lawful authority, is guilty of a Class A misdemeanor."

[6] Sec. 939.60, Stats., provides that a felony is a crime punishable by imprisonment in the Wisconsin state prisons. Every other crime is a misdemeanor. Sec. 973.02 provides that a sentence of more than one year shall be to the Wisconsin state prisons. The defendants argued that, because they faced a potential maximum penalty of fifteen months imprisonment as a result of being charged with violations of secs. 940.19(1) and 939.63(1)(a) 1, a reading of secs. 939.60 and 973.02, leads to the conclusion that the battery charge was converted from a misdemeanor to a felony.

a dangerous weapon create an additional element of the crime which must be proved at trial, the potential term of imprisonment for those convicted of committing a misdemeanor while threatening use of a dangerous weapon was also increased to more than one year. Thus, the court concluded that the misdemeanor was converted to a felony and ordered the two battery counts of the criminal complaint dismissed as to all three defendants because a preliminary examination had not been held within twenty days after their initial appearance, pursuant to sec. 970.03. A written order dismissing those counts was entered on September 22, 1983.

The state filed a notice of appeal and, in the alternative, a motion for leave to appeal. The court of appeals concluded that, because the trial court's order had not disposed of the entire matter in litigation, the order was not a final order appealable as of right and dismissed the notice of appeal. The court of appeals granted the petition for leave to appeal and subsequently requested that this court accept certification of this appeal. The certification request was granted on September 12, 1984.

The issue presented is whether a charge of possessing, using, or threatening to use a dangerous weapon under sec. 939.63(1)(a)1, Stats., made in conjunction with a misdemeanor battery charge, converts the misdemeanor to a felony by increasing the potential term of imprisonment to more than one year. This is a question of statutory construction which is a question of law. *State v. Clausen,* 105 Wis. 2d 231, 243, 313 N.W.2d 819 (1982). We, therefore, need not give special deference to the circuit court's determinations. *LePoidevin v. Wilson,* 111 Wis. 2d 116, 121, 330 N.W.2d 555 (1983).

Our purpose in construing a statute is to ascertain and give effect to the intent of the legislature. *Ball v.*

*District No. 4, Area Board,* 117 Wis. 2d 529, 537–38, 345 N.W.2d 389 (1984). In construing a statute the primary source of construction is the language of the statute itself. *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12 (1981). If the meaning of the statute is clear and unambiguous on its face, resort to extrinsic aids for the purpose of statutory construction is improper. *Id.* A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. *Id.*

Turning first to the language of the statute in question, sec. 939.63(1)(a)1, Stats., provides for an increase in the maximum term of imprisonment for crimes committed while possessing, using, or threatening the use of a dangerous weapon. Sec. 939.63(1)(a)1, states: "The maximum term of imprisonment for a *misdemeanor* may be increased by not more than 6 months." (Emphasis added.) It is clear from the face of the statute that the legislature intended to increase the maximum penalty by six months for all misdemeanors involving a dangerous weapon over what the penalty would be if a dangerous weapon were not involved in the commission of the misdemeanor. The fact that sec. 939.63(1)(a)1 specifically speaks in terms of increasing the penalty by six months for misdemeanors shows that the legislature intended to enhance the penalty for offenses involving dangerous weapons and did not intend to change the grade of the offense from a misdemeanor to a felony. We believe that, upon a reading of sec. 939.63(1)(a)1, a reasonably well-informed person would conclude that the legislature intended an enhancement of the penalty rather than a change in the grade of the offense. Thus, the statute is not ambiguous, and a resort to extrinsic aids is not necessary to determine legislative intent.

Our conclusion that a charge of battery while threatening use of a dangerous weapon remains a misdemeanor even though the potential term of imprisonment is greater than one year is supported by prior decisions of this court. In *Pruitt v. State,* 16 Wis. 2d 169, 114 N.W.2d 148 (1962), the defendant had pled guilty to two counts of writing worthless checks and was sentenced to one year in state prison on each count, the sentences to run consecutively. On appeal the defendant argued that the sentence was improper because only felonies are punishable by imprisonment in state prison, and the statute creating the crime of writing worthless checks specifically designated it a misdemeanor. *Id.* at 170. The statute did not state where the place of imprisonment was to be. We affirmed the sentence, stating: "[O]ne may serve a sentence for a misdemeanor in a prison without changing the nature of the crime from a misdemeanor to a felony." *Id.* at 172. We also noted that the issue in that case arose out of a conflict between the general language of sec. 939.60, Stats., which defined felonies and misdemeanors and the more specific language of the worthless check statute. Although the worthless check statute expressly designated the crime a misdemeanor, it provided for a punishment which would constitute the crime a felony if reference were made to the statute which provided sentences of more than one year were to be to state prison. *Id.* at 172–73. We stated that the general rule of statutory construction is when a specific statute and a general statute relate to the same subject matter, the specific statute controls. We concluded: "Sec. 939.60, Stats., must be considered as a general statute defining felonies and misdemeanors, but not applicable to a specific case when the crime is expressly designated to be a misdemeanor." *Id.* at 174.

Our reasoning in *Pruitt* applies with equal force to the present action. Sec. 939.63(1)(a)1, Stats., spe-

cifically speaks of increasing the maximum term of imprisonment for misdemeanors. Sec. 939.63(1)(a)1 is a specific statute which controls over the general statute defining misdemeanors and felonies. The fact that sec. 939.63(1)(a)1 enhances the maximum term of imprisonment to more than one year does not change the nature of the crime to a felony where the statute expressly designates it a misdemeanor.

We have previously held that a repeater allegation under sec. 939.62, Stats., against one charged with a misdemeanor does not change the nature of the charge to a felony. While the habitual criminality statute increases the penalty for a particular misdemeanor or felony, it in no way changes the nature of the crime. *Block v. State,* 41 Wis. 2d 205, 212, 163 N.W.2d 196 (1968); *State v. Watkins,* 40 Wis. 2d 398, 401, 162 N.W.2d 48 (1968).

It is well settled that penal statutes are to be strictly construed in favor of the accused. *State v. Wilson,* 77 Wis. 2d 15, 28, 252 N.W.2d 64 (1977). It is also a controlling rule of statutory construction that a construction which would create a new felony when the language is susceptible to another meaning should be avoided. *State ex rel. Gaynon v. Krueger,* 31 Wis. 2d 609, 619, 143 N.W.2d 437 (1966).

"To upgrade a misdemeanor to a felony requires a clear expression of intent of the legislature; it should not be left to indirection and circuity. As the scope and nature of an offense must meet the standards of reasonable clarity and avoid vagueness, so too its grade must be clearly defined." *Id.* at 620.

We conclude that, by enacting sec. 939.63(1)(a)1, Stats., the legislature clearly expressed its intent to enhance the penalty for misdemeanors involving dangerous weapons, and it did not intend to change the nature

of the offense to a felony merely because the maximum term of imprisonment might exceed one year. The offense remains a misdemeanor, and no preliminary examination is required.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded for further proceedings.