Charles HEMERLEY and Judy Hemerley,
individually and as parents and general guardians
of Annette Hemerley, Plaintiffs-Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, Defendant-Respondent. †

Court of Appeals

*No. 84–406. Submitted on briefs July 8, 1985.—Decided
November 7, 1985.*
(Also reported in 379 N.W.2d 860.)

---

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the brief of *Richard E. Rosenberg* and *Nowlan & Mouat* of Janesville.

For the defendant-respondent the cause was submitted on the brief of *John C. Wickhem* and *Wickhem, Buell, Meier, Wickhem & Southworth* of Janesville.

Before Gartzke, P.J., Dykman, J., and Eich, J.

GARTZKE, P.J. Charles and Judy Hemerley, individually and as guardians of Annette Hemerley, appeal from a judgment declaring that the uninsured motorists coverage in their American Family policy is inapplicable to the automobile in which Annette was injured. Hemerleys argue that the automobile was an uninsured motor vehicle both under sec. 632.32(4), Stats., and their policy. Because a liability policy covered the operator of the automobile, we conclude that it was an insured motor vehicle. We therefore affirm.[1]

---

[1] We do not reach Hemerleys' second contention that if the uninsured motorists coverage applies, the reducing clause in their policy is contrary to public policy.

Annette Hemerley was seriously injured in 1982 while a passenger in an automobile driven by Bart Jones. Jones did not own the automobile. No liability insurance covered the vehicle. Jones, however, was an insured under an American Family liability policy issued to his father. That policy provides liability limits of $25,000 for injuries to any person caused by the negligence of an insured. American Family admits Jones' negligence was a cause of Annette's injuries and admits liability on the father's policy to the extent of $25,000. Hemerleys demand payment of $50,000 on the uninsured motorist coverage in the policy American Family issued to Charles Hemerley. The damages far exceed all insurance coverages which might be available.

Hemerleys argue that a motor vehicle is uninsured unless a policy insures the vehicle. They contend that sec. 632.32(4), Stats., and their policy compel that result. They conclude that the automobile operated by Jones is an uninsured motor vehicle, even though Jones is covered by liability insurance. In their view, Jones' coverage is excess or additional insurance.

Section 632.32(4), Stats., provides:

> Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain . . . provisions approved by the commissioner:
>
> (a) 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident. . . .
>
> 2. In this paragraph "uninsured motor vehicle" also includes:

a. An insured motor vehicle if before or after the accident the liability insurer of the motor vehicle is declared insolvent by a court of competent jurisdiction.

b. An unidentified motor vehicle involved in a hit-and-run accident.

3. Insurers making payment under the uninsured motorists' coverage shall, to the extent of the payment, be subrogated to the rights of their insureds.

The meaning of a statute is a question of law which we decide independently of the trial court's conclusion. *State v. Denter,* 121 Wis. 2d 118, 122, 357 N.W.2d 555, 557 (1984). We apply the plain meaning of a statute without resort to the rules of construction. Id. at 123, 357 N.W.2d at 557. The rules of construction are used only to determine the meaning of an ambiguous statute. *State v. Tollefson,* 85 Wis. 2d 162, 167, 270 N.W.2d 201, 203 (1978). A statute is ambiguous if reasonable persons could disagree as to its meaning. *Kollasch v. Adamany,* 104 Wis.2d 552, 561, 313 N.W.2d 47, 51–52 (1981). Whether reasonable persons could disagree is a question of law. *St. John Vianney Sch. v. Janesville Ed. Bd.,* 114 Wis.2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983). The rules of construction require us to look to the statutory context, subject matter, scope, history and object to be accomplished. *In Interest of I.V.,* 109 Wis. 2d 407, 409–10, 326 N.W.2d 127, 129 (Ct. App. 1982). We search for a reasonable meaning. *St. John Vianney,* 114 Wis. 2d at 151, 336 N.W.2d at 391.

Section 632.32(4), Stats., is entitled "Required Uninsured Motorist and Medical Payments Coverages." The titles to subsections are not part of the statutes and cannot be considered when determining whether a statute is ambiguous. *State v. Dahlk,* 111 Wis. 2d 287, 294, 330 N.W.2d 611, 615 (Ct. App. 1983); sec. 990.001(6), Stats.[2]

---

[2] Section 990.001, Stats., provides in part:

In construing Wisconsin laws the following rules shall be observed

Even without considering the statutory title, reasonable persons could read sec. 632.32(4), Stats., either to require coverage to protect persons injured by a motor vehicle which is not insured, or to require coverage to protect persons injured when the vehicle's owner or operator has no insurance. The statute refers both to "uninsured motor vehicles" in subsection (4)(a) 1. and 2. and to "uninsured motorists' coverage" in subsection (4)(a)3. Doubt as to the proper reading is intensified by the introductory paragraph to sec. 332.32(4), which directs coverage in every policy "that insures with respect to any motor vehicle" without referring to coverage of the vehicle or coverage of its the owner or operator. We conclude that the statute is ambiguous. We turn to the rules of statutory construction.

The guiding principle of statutory construction is to determine the intent of the legislature. *Denter,* 121 Wis.2d at 122, 357 N.W.2d at 557. That intent is found in the statute's purpose. The purpose is to compensate an injured person when liability coverage is unavailable to the person who ought to pay. That purpose makes it natural to speak in terms of uninsured motorist coverage. Thus, the supreme court has said the purpose is to compensate for "an uninsured motorist's negligence to the same extent as if the uninsured motorist were insured." *Vidmar v. American Family Mut. Ins. Co.,* 104 Wis.2d 360, 370, 312 N.W.2d 129, 133 (1981). In view of that purpose, we construe "uninsured motor vehicle" in sec. 632.32(4)(a)(1), Stats., to include a vehicle, neither the owner nor the operator of which is insured by liability insurance.

---

unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature:

. . . .

(6) The titles to subchapters, sections, subsections, paragraphs and subdivisions of the statutes and history notes are not part of the statutes.

The American Family policy issued to Charles Hemerley contains a provision entitled "Uninsured Motorist Coverage" which provides:

> We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. . . . (3) Uninsured motor vehicle means a motor vehicle which is: (a) not insured by a bodily injury liability bond or policy at the time of the accident.

The "Uninsured Motorist Coverage" title followed by reference to uninsured motor vehicles creates an ambiguity. Although the title of sec. 632.32(4), Stats., could not be considered when determining whether the statute is ambiguous, no such rule applies to contracts. As a general rule, "each sentence, phrase or word used [in a contract] will have some meaning, and none of the language discarded as superfluous or meaningless." *D'Angelo v. Cornell Paperboard Products Co.,* 59 Wis.2d 46, 50, 207 N.W.2d 846, 848–49 (1973). The "uninsured motorist coverage" title contributes to ambiguity in the quoted provision.

The parties offered no extrinsic evidence on the meaning of the ambiguous policy provision. Its construction is therefore a question of law. *Katze v. Randolph & Scott Mut. Fire Ins.,* 116 Wis.2d 206, 211–12, 341 N.W.2d 689, 691 (1984). Although courts frequently state that ambiguous language in a policy is construed against the drafting insurer, *Cunningham v. Metropolitan Life Ins. Co.,* 121 Wis.2d 437, 450, 360 N.W.2d 33, 39 (1985), "[this rule] should not be applied until other rules of interpretation have been exhausted." 3 *Corbin on Contracts* sec. 559, at 268 (1960).

The policy contains the type of coverage required by sec. 632.32(4), Stats. A reasonable person would understand the words in the policy to provide the coverage contemplated by the statute. We ought therefore to resolve

the policy ambiguity as we do the statutory ambiguity. Having construed "uninsured motor vehicle" in sec. 632.32(4)(a)1 to include a vehicle, neither the owner nor the operator of which is insured by liability insurance, we so construe the "uninsured motorist coverage" provision in the Hemerley policy.

Since Jones was insured under a liability policy at the time of the accident, we conclude that Annette was injured by an insured vehicle. The trial court correctly held that the uninsured motorist coverage in the Hemerley policy is unavailable to the Hemerleys.

*By the Court.*—Judgment affirmed.