CARROLL D. BESADNY, Secretary Department of Natural Resources
You inquire as to whether snowmobile accident reports filed with the Department of Natural Resources pursuant to section350.15 (3), Stats., are confidential documents.
Section 350.15 (3) requires every snowmobile operator involved in an accident which results in the death of any person to file an accident report with the Department of Natural Resources. Your inquiry concerns the interpretation of section 350.15 (4) which reads as follows:
 (4) REPORTS CONFIDENTIAL. No report required by this section to be filed with the department shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has or claims to have made such a report, or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirement that such a report be made.
Your letter states that the Legislature intended that accident reports remain confidential because section 350.15 (4) provides that the department must furnish certificates showing that specified accident reports have or have not been filed with the department. You state that if the reports were not intended to remain confidential, there would be no need to provide a certificate of compliance. A copy of the report could simply be provided. I do not agree.
Based upon the reasons set forth herein, it is my opinion that snowmobile accident reports filed with the department pursuant to section 350.15 (3) are not confidential documents.
First, section 350.15 (4) does not state that accident reports are to be treated as confidential documents. Although the title of section 350.15 (4) states that the reports are confidential, section 990.001 (6) provides that the titles to subchapters, sections, subsections, paragraphs and subdivisions of the statutes are not part of the statutes. *Page 57 
A title may be used only to resolve existing doubts or ambiguities as to statutory meanings and not to create ambiguity where none exists. State v. Dahlk, 111 Wis.2d 287, 294,330 N.W.2d 611 (Ct.App. 1983); Wisconsin Valley Imp. Co. v. PublicServ. Comm., 9 Wis.2d 606, 618, 101 N.W.2d 798 (1960).
The language in section 350.15 (4) is clear and unambiguous. The statute provides that accident reports are not to be used as evidence in any trial and that the department must furnish a certificate showing that a specified accident report has or has not been filed with the department. The certificate may be used as evidence in a trial. It serves the purpose of proving an accident report has or has not been filed without the necessity of putting the accident report into evidence. The certification procedure set out in the statute appears to have no bearing on the issue of confidentiality.
The purpose of statutory interpretation is to ascertain and give effect to the Legislature's intent. Where the meaning of a statute is clear on its face, the courts will not look outside the language of the statute to determine legislative intent. InInterest of J.V.R., 127 Wis.2d 192, 199, 378 N.W.2d 266 (1985);Wis. Elec. Power Co. v. Public Service Comm., 110 Wis.2d 530,534, 329 N.W.2d 178 (1983). The rules of construction are used only to determine the meaning of an ambiguous statute. Hemerleyv. American Fam. Mut. Ins. Co., 127 Wis.2d 304, 307,379 N.W.2d 860 (1985).
Second, section 350.15 (4) contains essentially the same language as section 346.73 (2) which relates to the filing of automobile accident reports with the Department of Transportation. Section 346.73 (2) predates section 350.15 (4) and reads as follows:
 346.73 ACCIDENT REPORTS NOT TO BE USED IN TRIAL. (2) Notwithstanding s. 346.70 (4)(f), written accident reports required to be filed with the department or with a county or municipal authority shall not be used as evidence in any judicial trial, civil or criminal, arising out of an accident, except that such reports may be used as evidence in any administrative proceeding conducted by the department. The department shall furnish upon demand of any person who has or claims to have made such a report, or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure *Page 58 
to comply with the requirement that such a report be made to the department.
Prior to 1972, section 346.73 also contained section 346.73 (1) which stated:
 346.73 ACCIDENT REPORTS CONFIDENTIAL. (1) All required written accident reports, including those required by county and municipal authorities and reports supplemental thereto, are without prejudice to the individual so reporting. Reports made to the division of motor vehicles are for the confidential use of the division and for the confidential use of the highway commission for highway engineering purposes. Written reports made to county and municipal authorities are for the confidential use of such authorities. Notwithstanding the confidential nature of written accident reports, the division of motor vehicles or county or municipal authority may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident.
In April 1972, the Legislature repealed section 346.73 (1) and amended the title to section 346.73 to delete all references to confidentiality. Ch. 253, sec. 4, Laws of 1971. These modifications reflect the Legislature's intent that section346.73 was not designed to require broad confidential treatment of motor vehicle accident reports. That same Legislature then created section 350.15 in May 1972, using language virtually identical to section 346.73 (2). Ch. 277, sec. 41, Laws of 1971. Thus, it is apparent that the Legislature intended section 350.15
to have the same limited scope as section 346.73 (2).
Third, public policy and public interest favor the public's right to inspect public records. Without an exception based upon a statute, common law, or an overriding public interest in nondisclosure, there is a presumption that the public has the right to inspect public records. Section 19.31, Stats.; Hathawayv. Joint School District No. 1, 116 Wis.2d 388, 392,342 N.W.2d 682 (1984).
Your letter further states that this opinion will affect the department's administration of section 30.67 (4) and Wis. Admin. Code § NR 64.10. These sections contain language essentially identical to that found at section 350.15 (4). In my opinion, based upon the *Page 59 
reasons previously stated herein, accident reports filed pursuant to these sections are not confidential documents.
In summary, section 350.15 (4) does not state that accident reports are to be treated as confidential documents. The statute is designed to limit the extent to which the reports can be used as evidence in legal proceedings and to ensure the availability of documentary evidence which can be used to prove compliance or failure to comply with the requirement that such a report be made.
DJH:RJM *Page 60