Rocklyn J. KAYE, Ann H. Levy, Union Policy Board of the University of Wisconsin-Milwaukee, and Student Assoc. of the University of Wisconsin-Milwaukee, Heidi C. York, and Victor E. Beecher, Petitioners-Appellants,†

v.

BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM, Carmen Witt, Acting Assistant Chancellor, and Kenneth A. Shaw, President of the University of Wisconsin System, Respondents.

Court of Appeals

*No. 89–0282. Oral argument October 19, 1989.—Decided October 18, 1990.*

(Also reported in 463 N.W.2d 398.)

†Petition to review denied.

For the petitioner-appellants the cause was submitted on the briefs of *Walter F. Kelly* of *Sutton & Kelly* of Milwaukee and orally argued by *Walter F. Kelly.*

For the respondents the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Robert D. Repasky,* assistant attorney general, and orally argued by *Robert D. Repasky.*

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. In this appeal, we decide that the Union Policy Board of the University of Wisconsin-Milwaukee (UPB) is subject to sec. 20.918, Stats.,[1] and could not employ attorneys without the governor's approval. The Board of Regents therefore proceeded on a correct theory of law and did not act arbitrarily and capriciously when it denied UPB's request that the defendants approve payment of UPB's attorney fees incurred in this action and budget funds for that purpose. We therefore affirm the circuit court's order denying petitioners certiorari relief.

The petitioners are students of the University of Wisconsin-Milwaukee and student organizations formed under sec. 36.09(5), Stats.[2] They began this action seeking declaratory and injunctive relief establishing that UPB had the right under sec. 36.09(5), to participate in

---

[1]Section 20.918, Stats., provides:

> No state agency in the executive branch may employ any attorney until such employment has been approved by the governor.

Section 20.918 was renumbered sec. 20.930 by 1989 Wis. Act 119, sec. 1, effective Dec. 31, 1989.

[2]Section 36.09(5), Stats., provides:

> The students of each institution or campus subject to the responsibilities and powers of the board, the president, the chancellor and the faculty shall be active participants in the immediate governance of and policy development for such institutions. As such, students shall have primary responsibility for the formulation and review of policies concerning student life, services and interests. Students in consultation with the chancellor and subject to the final confirmation of the board shall have the responsibility for the disposition of those student fees which constitute substantial support for campus student activities. The students of each institution or campus shall have the right to organize themselves in a manner they determine and to select their representatives to participate in institutional governance.

the hiring, review and termination of all key personnel of the student union, including the director of Associated Union Services. UPB retained attorneys to represent the students.[3] The students also requested that the defendants be ordered to pay from segregated university fees (SUF) the reasonable attorney fees they incurred in this action, and that the defendants be restrained from interfering with their requisitions from the union budget or segregated fees to pay such legal fees.

Both parties moved for summary judgment. The circuit court declared that sec. 36.09(5), Stats., did not give students the right to participate in the termination and discipline of union employees, and denied their motion for summary judgment. The students do not appeal that decision.

The circuit court directed that UPB resubmit its request for payment of its attorney fees to the university administration. The court determined that UPB was not a state agency and therefore the administration could not deny payment of UPB's legal fees on the ground that UPB failed to obtain the governor's approval to employ attorneys. Nonetheless, upon resubmission, the president of the university denied UPB's request because, among other reasons, the Board of Regents, in Financial Policy and Procedure Paper No. 20, provided that costs of legal services are inappropriate student segregated fee expenditures unless made pursuant to a contract approved by the governor.[4] The Board of Regents sus-

---

[3] In this opinion, "students" includes the individual students and the student organizations.

[4] University of Wisconsin Financial Policy and Procedure Paper No. 20, sec. IV. provides: "A. Appropriate SUF Expenditures . . .. 6. Student Legal Services . . . b. Costs of professional services (An attorney may be hired in connection with campus legal services, but the governor's approval is required.)"

tained the university chancellor's and president's denial of UPB's request for payment of its attorney fees incurred in this action. The circuit court denied the students' request for certiorari relief and this appeal followed.[5]

The defendants did not cross-appeal from the circuit court's order restraining them from refusing to pay UPB's legal fees on the ground that the governor had not approved its employment of attorneys. In the usual case we would not review the circuit court's order. However, we are concerned here with the possible application of a mandatory statute restraining the spending of public funds. We may, in an appropriate case, consider *sua sponte* issues not raised or challenged by the parties. Martineau, *Modern Appellate Practice,* sec. 3.9 at 40. The justification for *sua sponte* consideration is strongest when the litigation has a broad impact on the general public. We concluded that public policy required that we consider the application of sec. 20.918, Stats., to this case. We therefore ordered the parties to brief whether sec. 20.918 affects the disposition of this appeal.

We conclude that the circuit court erred when it determined that UPB is not subject to sec. 20.918, Stats. Because the UPB could not employ attorneys without the governor's approval, the Board of Regents correctly sustained the university administration's refusal to pay UPB's legal fees incurred in this action.

Section 20.918, Stats., is ambiguous. Whether a statute is ambiguous is a question of law for the court. *State ex rel. Girouard v. Circuit Court for Jackson*

[5]We express no opinion as to whether the board's decision was subject to review under sec. 227.52, Stats. The question has not been briefed.

668

*County,* 155 Wis. 2d 148, 155, 454 N.W.2d 792, 795 (1990). A statute is ambiguous if reasonably well-informed persons could differ as to its meaning. *State Public Intervenor v. DNR,* 156 Wis. 2d 376, 384, 456 N.W.2d 878, 882 (Ct. App. 1990). The circuit court concluded that the statute did not apply because UPB is not a state agency. The defendants acquiesced in that conclusion. These are certainly well-informed persons. We conclude, however, that equally well-informed persons could conclude that UPB is subject to sec. 20.918. We, therefore, must construe the statute.

> The guiding principle of statutory construction is to determine the intent of the legislature. *Hemerley v. American Fam. Mut. Ins. Co.,* 127 Wis. 2d 304, 308, 379 N.W.2d 860, 863 (Ct. App. 1985). When an ambiguity in statutory language is present, we must determine the legislative intent from the language of the statute in relation to its scope, history, context, subject matter and the object sought to be accomplished. *Stoll v. Adriansen,* 122 Wis. 2d 503, 511, 362 N.W.2d 182, 187 (Ct. App. 1984).

*State v. Vonesh,* 135 Wis. 2d 477, 482–83, 401 N.W.2d 170, 173 (Ct. App. 1986).

As noted, sec. 20.918, Stats., provides that "[n]o state agency in the executive branch may employ any attorney until such employment has been approved by the governor."[6] It is not disputed that the University of

---

[6]The substance of sec. 20.918, Stats., was contained in sec. 20.81, Stats. (1919), created by sec. 7, ch. 630, Laws of 1919, as amended by sec. 11, ch. 703, Laws of 1919. Section 20.81 was renumbered sec. 20.905 by sec. 6, ch. 385, Laws of 1955. Section 20.905, Stats. (1955), reads in part:

> No department, board, commission, institution or officer of the state shall employ any attorney, or attorneys, until such employment has been approved by the governor . . ..

Wisconsin system is in the executive branch. The students contend, however, that UPB is not a state agency within the meaning of sec. 20.918.[7]

The students rely on an unpublished opinion in which the attorney general advised the governor that the Wisconsin Student Association of the University of Wisconsin-Madison was not a "state agency" within sec. 20.918, Stats. Op. Att'y Gen., August 6, 1980. The attorney general pointed to the fact that the association functioned "within a university component of the University of Wisconsin System, which is subject to the governance of the Board of Regents" and concluded that, because of its "notably nonindependent functions," it was plain that the association was not an "independent agency" within the executive branch.

We believe that the attorney general construed "independent agency" too restrictively. Under his reading, sec. 20.918, Stats., would apply only to the Board of Regents and not to the many employees, officers, offices, committees and agencies through which the board administers the university system. This reading does not square with the legislature's goals in reorganizing the executive branch by chs. 75, 291, and 327, Laws of 1967. *See* 1968 Wis. Blue Book at 377.

The 1967 executive branch reorganization "created a basic standard pattern for the organizational detail for departments and secretaries, and for commissions, boards, examining boards, and councils." 1968 Wis. Blue

---

[7] "State agency" is defined in sec. 20.001, Stats., which provides in part: "In this chapter terms and abbreviations have the following meanings: (1) 'State agency' means any office, department or independent agency in the executive branch of Wisconsin state government, the legislature and the courts." By amendment, sec. 20.918 was limited to state agencies within the executive branch.

Book at 377. The basic standard pattern is a department or agency functioning as a principal administrative unit of the executive branch under a single administrative head. The narrow construction given by the attorney general to sec. 20.918, Stats., is antagonistic to the legislature's goals of "creat[ing] . . . clear lines of authority from the operating [executive] units to the Governor as the chief executive, and to the Legislature," *id.* at 368, and "promot[ing] efficiency by improving the management and coordination of state services and by eliminating overlapping activities." Sec. 15.001(3)(c), ch. 327, Laws of 1967.

The application of sec. 20.918, Stats., must be considered in light of the goals and philosophy of the 1967 executive branch reorganization. Section 20.918 was created by ch. 291, Laws of 1967. This chapter expressed in terms of the Reorganization Act all allocations of funds, and *every* authority to spend from the funds allocated. 1968 Wis. Blue Book at 377. Subchapter X of ch. 291, which included sec. 20.918, consisted of general administrative provisions directing the receipt and deposit of all moneys received or collected by state agencies, and restricting the expenditure of state funds by state agencies. These statutes remain substantially unchanged. To construe "state agency" as used in these statutes to apply only to the administrative head of a department or independent agency in the executive branch would be unreasonable. We must interpret statutes to avoid unreasonable results. *State v. Zielke,* 137 Wis. 2d 39, 51, 403 N.W.2d 427, 432 (1987).

We conclude that we must interpret sec. 20.918, Stats., broadly to apply to the principal administrative unit and whatever agencies assist the principal administrative unit in the administration and governance of the

unit. UPB is an "active participant[ ] in the immediate governance of and policy development" of the University of Wisconsin-Milwaukee. Sec. 36.09(5), Stats. UPB is an unincorporated association which is the board of directors for the University of Wisconsin—Milwaukee student union. It is the primary governance body for the activities of and services to union members and guests. UPB Constitution, art. II, sec. 1.

We recognize, of course, that since the 1967 executive branch reorganization, the legislature merged the state universities into one university system with one Board of Regents. We also recognize that in the merger, students and student organizations were given more active roles in the governance of the individual campuses. Student organizations such as UPB have "primary responsibility" for certain acts of governance. Sec. 36.09(5), Stats. However, they are subject to the responsibilities and powers of the Board of Regents. *Id.*

The Board of Regents has "primary responsibility" for the governance of the university system. Sec. 36.09(1)(a), Stats. "The student rights [under sec. 36.09(5)] are subject to the responsibilities of the board of regents." *Student Ass'n. of Univ. of Wis.-Milwaukee v. Baum,* 74 Wis. 2d 283, 291, 246 N.W.2d 622, 625 (1976). In *Baum,* however, the supreme court held that the last sentence of sec. 36.09(5) gave students the right to select their representatives "without interference from the [university] administration." *Id.* at 297, 246 N.W.2d at 628. The court held that the specific provision in sec. 36.09(5) controlled over the general provision in sec. 36.09(1)(a) vesting in the Board of Regents primary governance of the University of Wisconsin system. *Id.* We need not decide whether the student fee disposition provision of sec. 36.09(5), controls over secs.

36.09(1)(a) (responsibilities of Board of Regents) and 36.09(3) (responsibilities of the chancellors). Irrespective of other student rights under sec. 36.09(5), there is no language therein from which it can be inferred that the legislature intended to give a student organization the right to hire an attorney without the governor's approval. UPB is subject to sec. 20.918, Stats., because it is an integral part of the principal administrative unit—the University of Wisconsin System—under the authority of the Board of Regents.

*By the Court.*—Order affirmed.