STATE, Respondent, v. TOLLEFSON, Appellant.

Supreme Court

*No. 76–007–CR. Submitted on briefs September 7, 1978.—*
*Decided October 3, 1978.*
(Also reported in 270 N.W.2d 201.)

For the appellant the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Richard M. Sals,* assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

DAY, J. This is an appeal from a judgment of conviction and sentence for escape, contrary to sec. 946.42(2) (d), Stats. 1975, entered on February 23, 1976, and an order denying a motion for post-conviction relief entered on June 17, 1976, in the county court for Polk county, the Honorable Michael B. Cwayna, presiding.

The question is, did the trial court have the authority to sentence the defendant under sec. 946.42(2) (d), Stats., when the defendant at the time of the escape was serving a sentence in the county jail for a misdemeanor?

We conclude that the court did not have such authority and that the defendant should have been sentenced under sec. 946.42(1) (b). We therefore reverse and remand this cause to the trial court for an appropriate sentence under the escape statute.

The appellant, Wayne Tollefson (hereafter defendant), pleaded guilty to escape, contrary to sec. 946.42(2) (d), Stats., on February 16, 1976, in Polk county court. At the time of the escape, the defendant was serving a term in the county jail for issuing a worthless check, contrary to sec. 943.24, Stats. That offense is a misdemeanor. Defendant's lawyer unsuccessfully argued, both in preliminary proceedings and in post-conviction motions, that the defendant should have been charged under 946.42(1) (b), Stats., not 946.42(2) (d), Stats., since at the time of the escape the defendant was serving a term for a misdemeanor violation, not a felony. The defendant was sentenced to a year at the state prison to run consecutively to any other sentence. The trial court denied the motion in its findings of fact and conclusions of law. On February 17, 1977, this court denied a motion for summary reversal.

Sec. 946.42, Stats. 1975[1] provides:

"**946.42 Escape.** (1) Any person in custody under any of the following circumstances who intentionally escapes from custody may be fined not more than $200 or imprisoned not more than 6 months or both:

"(a) Pursuant to a legal arrest for a misdemeanor or violation of a municipal ordinance; or

"(b) *Lawfully charged with or convicted of a misdemeanor or the violation of a municipal ordinance;* or

"(c) Pursuant to a civil arrest or body execution.

"(2) Any person in custody under any of the following circumstances who intentionally escapes from custody may be fined not more than $500 or imprisoned not more than one year or both:

"(a) Pursuant to a legal arrest for a felony; or

"(b) Pursuant to a legal arrest as a fugitive from justice in another state; or

"(c) Lawfully charged with or convicted of, but not sentenced for, a felony; or

"(d) *Sentenced to a county jail or to less than one year in a county reforestation camp or house of correction for a felony.*

"(3) Any person in custody under any of the following circumstances who intentionally escapes from custody may be imprisoned not more than 5 years:

"(a) Sentenced to a state prison; or

"(b) Sentenced for one year or more in a county reforestation camp or house of correction for a felony; or

"(c) Committed to the department of health and social services as a juvenile but placed by it in a state prison pursuant to s. 48.52(2).

"(d) Committed to the department of health and social services pursuant to ch. 975.

"(e) Committed to the department of health and social services under s. 54.07.

"(4) Sentences imposed under this section shall be consecutive to any sentence previously imposed or which may be imposed for any crime or offense for which the person was in custody when he escaped.

---

[1] The 1977 Legislature amended this statute, effective June 1, 1978.

"(5) In this section:

"(a) 'Escape' means to leave in any manner without lawful permission or authority;

"(b) 'Custody' includes without limitation actual custody of an institution or of a peace officer or institution guard and constructive custody of prisoners temporarily outside the institution whether for the purpose of work or medical care or otherwise. Under s. 56.08(6) it means, without limitation, that of the sheriff of the county to which the prisoner was transferred after conviction. It does not include the custody of a probationer or parolee by the department of health and social services or a probation or parole officer unless the prisoner is in actual custody after revocation of his probation or parole or to enforce discipline or to prevent him from absconding;

"(c) 'Legal arrest' includes without limitation an arrest pursuant to process fair on its face notwithstanding insubstantial irregularities." (Emphasis supplied.)

The question raised by this appeal is which subsection of sec. 946.42, Stats., applies when the defendant who escaped was serving a term in the county jail for a misdemeanor. The defendant argues that sec. 946.42(2)(d), Stats., applies only to those individuals serving sentences for felony convictions.

Sec. 946.42(2)(d), Stats., provides for imposition of not more than a $500 fine and/or a year in prison where the individual who escapes was:

"Sentenced to a county jail or to less than a year in a county reforestation camp or house of correction *for a felony.*" (Emphasis added.)

Defendant argues that the phrase "for a felony" modifies the word "sentenced," and not just the phrase "to less than one year in a county reforestation camp or house of correction." According to the defendant, then, "for a felony" modifies the entire subsection. Thus, the only time subsection (2)(d) could apply to individuals who were sentenced to a county jail would be where the defendant was serving a sentence for a felony.

While the state concedes that defendant's reading of the statute is a reasonable interpretation of sec. 946.42 (2) (d), Stats., it submits that it is not the only possible one. The state argues that the phrase "for a felony" only modifies the part of the subsection after the first "or." If "for a felony" were meant to modify both phrases, the state argues, it would have been placed after the word "sentenced" rather than at the end of the provision.

The words of the statute, on their face, are reasonably capable of being understood in either sense. The canons of statutory construction provide that "as a general rule . . . a statute must be unclear or ambiguous before a court is warranted in reviewing matters outside the statutory language to determine the meaning intended." *Harris v. Kelley,* 70 Wis.2d 242, 249, 234 N.W.2d 628 (1975). Because this subsection is "capable of being understood by reasonably well-informed persons in either of two senses." it is permissible to look to matters outside the face of the statute to determine its meaning. *Edelman v. State,* 62 Wis.2d 613, 619, 215 N.W.2d 386 (1974). However, the primary source of construction is the language of the statute itself. *State v. Wilson,* 77 Wis.2d 15, 21, 252 N.W.2d 64 (1977). In addition, intent of a given section of a statute or ordinance must be derived from the act as a whole. *State ex rel. B'nai B'rith Foundation v. Walworth County,* 59 Wis.2d 296, 308, 208 N.W.2d 113 (1973).

It is evident that the escape statute provides a progression of increasingly harsher penalties which depend on the place from which escape is made and the seriousness of the cause of the prisoner's detention. The lightest penalty—a fine of not more than $200 and/or six months' imprisonment—is imposed under sub. (1) when the person who escapes was in custody because he was arrested for, charged with or convicted of a misdemeanor

or municipal ordinance violation, or pursuant to a civil arrest or body execution. Subsection (1) is the only part of the statute which mentions the word "misdemeanor."

Subsection (2)—the subsection under which the defendant was charged and sentenced—is the first subsection in the statute which deals with felonies. The state argues that the trial court's interpretation of the statute is proven correct by following the way the statute treats escaped felons. The state argues that the organizing principle of the statute is to treat a felon more harshly if he was *sentenced* as a felon, than if he was merely arrested, charged or convicted as a felon.

The state argues in its brief:

"Such an increase in penalty is entirely consistent with the purpose of the penalties provided by sec. 946.42—to deter attempts to escape. As long as one is simply arrested, charged, or convicted of a crime, he is partially deterred from escape by the possibility that he may be acquitted, or if convicted, placed on probation rather than committed to jail or prison. But once that possibility disappears when he is actually sentenced and committed an increased penalty is necessary to serve as a sufficient deterrent to escape."

Thus, the state argues, the defendant's interpretation is inconsistent with the purpose of the statute because the penalty remains the same whether the misdemeanant has been arrested, charged, convicted, or sentenced for a misdemeanor violation.

But, the state admits that the statute does not always follow the pattern of increasing the penalty once the individual has actually been sentenced. Under sub. (2), a felon who is sentenced to less than one year is subject to the same penalty he would have faced if simply incarcerated as a result of arrest, charge or conviction. The state suggests that this deviation is explained by theorizing that the legislature concluded that the sentence was

short enough to deter escape without heaping on a harsher penalty.

While the state's theory is reasonable, it does not preclude a conclusion that the legislature decided to treat misdemeanors and felonies differently.

Looking at the structure of the entire statute, it is clear that the first section deals with misdemeanors. The second section deals with felonies and the third section deals with sentences to the state prison and other places of detention for one year or more for a felony. The remaining subsections (c), (d) and (e), pertain to special commitments under various statutes. It is sub. (3) that carries the most stringent penalty of not more than five years.

Since the statute is ambiguous, it is permissible to look to materials beyond the language itself to discern the legislature's intent. *Harris v. Kelley, supra.* The statute on escape, as it presently exists, was introduced by the Legislative Council in 1953 in Bill 100–A. The comment to Bill 100–A, respecting sec. 346.42, Stats., later renumbered sec. 946.42, says at 192:

> *"Analagous Legislation.* Escape is a crime in all states but the statutory provisions differ so much from state to state that it is difficult to point out the analogous legislation. One of the most common types is similar to the old Wisconsin statutes with a number of sections covering the different places from which the prisoner can escape. The principle of this organization is actually the same as that followed in the new section where the severity of the penalty depends on the place from which the escape is made and the seriousness of the cause of the prisoner's detention.

In the instant case, the defendant was confined to the county jail on Huber privileges. His escape consisted of not showing up for work. He was located a few days later in St. Paul Minnesota where he had gone because

he had received notice that his parental rights to his son were to be terminated. He was in the county jail for writing a worthless check. Given the statute's concern with the place of detention and the seriousness of the cause of detention, it seems unreasonable to believe that the defendant should be treated as harshly as a felon.

Moreover, this a penal statute and should be strictly construed. *State v. Wilson, supra,* at 28. The state argues that this maxim has no application here since its purpose is to insure that penal statutes give fair warning to potential violators. See *State v. Chippewa Cable Co.,* 48 Wis.2d 341, 352, 180 N.W.2d 714 (1970). But as *State v. Wilson* pointed out there is another basis to the maxim:

"The canon of strict construction is grounded on policy. Since it is within the power of lawmakers, the burden lies with them to relieve the situation of all doubts. *3 Sutherland on Statutory Construction,* sec. 59.03, p. 7 (3d ed. 1968–1973). And 'since the power to declare what conduct is subject to penal sanctions is legislative rather than judicial, it would risk judicial usurpation of the legislative function for a court to enforce a penalty where the legislature had not clearly and unequivocally prescribed it.' *Id.* at p. 8." *State v. Wilson,* 77 Wis. at 28.

If the legislature wishes to treat those sentenced to the county jail for a misdemeanor as harshly as those sentenced for a felony, it should make its intention clear. It is true that the rule of strict construction of penal statutes should not be applied so as to defeat the legislative intent. *Omernik v. State,* 64 Wis.2d 6, 218 N.W.2d 734 (1974). In this case, however, the result yielded by strict construction appears to further the intent of the legislature, viewing the statute as a whole, keeping in mind the legislative history.

Finally, the state embraces the theory of the trial court that a person who escapes while serving a sentence for a misdemeanor could not be punished unless sub. (2) (d) applies. The reason for this result, the state argues, is that sub. (1) (b) only applies to those "lawfully charged with or convicted of a misdemeanor. . . ." It makes no mention of those *sentenced* for a misdemeanor. Thus, the only way to punish the defendant is to invoke sub. (2) (d) to cover all those sentenced to the county jail.

Statutes are to be viewed in light of the plain and ordinary meaning of their language. *Harris v. Kelley, supra* at 249. Persons who have been sentenced for misdemeanors certainly are persons who have been convicted of misdemeanors. There seems to be no reason why the defendant could not have been sentenced under sub. (1) (b).

We hold that it was beyond the power of the court to sentence this defendant under sec. 946.42(2) (d) Stats. Defendant should have been sentenced under 946.42(1) (b). The penalty for such a violation is a fine of not more than $200 or imprisonment of not more than six months or both. Since it is within the discretion of the trial court as to how much of the six months sentence should be imposed and whether or not a fine should be imposed in addition, we remand this case back to the trial court for further proceedings and resentencing.

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings not inconsistent with this opinion.