PABST BREWING COMPANY, Petitioner-
Respondent,

v.

WISCONSIN DEPARTMENT OF REVENUE,
Appellant. †

Court of Appeals

*No. 84–716. Argued October 17, 1985.—Decided March 25,
1986.*

(Also reported in 387 N.W.2d 121.)

† Petition to review denied.

292

For the appellant there were briefs by *Bronson C. La Follette,* attorney general, and *Gerald S. Wilcox,* assistant attorney general, and oral argument by *Gerald S. Wilcox.*

For the petitioner-respondent there was a brief by *Frank J. Pelisek* and *James E. Schacht,* and *Michael, Best & Friedrich* of Milwaukee, and oral argument by *Frank J. Pelisek.*

Before Gartzke, P.J., Dykman, J., and Eich, J.

GARTZKE, P.J.   The Wisconsin Department of Revenue appeals from a judgment reversing the Tax Appeals Commission's decision upholding the department's assessment of additional franchise tax against Pabst Brewing Company. The issue is whether Pabst's sales of beer to out-of-state wholesalers who pick up the beer at its Milwaukee plant for out-of-state distribution are sales "in this state" under sec. 71.07(2)(c)2, Stats. We conclude that because the location of the purchasing wholesaler rather than the pickup controls whether the sales are in this state, the beer pickups are not sales "in this state." We therefore affirm the judgment.

The relevant facts are undisputed. Pabst operates a brewery in Milwaukee. Because it sells beer to instate and out-of-state wholesalers, Pabst apportions its net income for Wisconsin tax purposes on the basis of property, payroll and sales factors established in sec. 71.07(2), Stats. The sales factor is a fraction. The numerator is the taxpayer's total sales in Wisconsin, and the denominator is its total sales everywhere. Section 71.07(2)(c)1. Sales of tangible personal property are "in this state" and included in the numerator if "the property is delivered or shipped to a purchaser, other than the United States government, within this state regardless of the f.o.b. point or other conditions of the sale. . . ." Section 71.07(2)(c)2. When computing its sales factor between 1973 and 1977, Pabst excluded from the numerator all beer sold to out-of-state wholesalers. The department subsequently assessed Pabst an additional $707,729.71 in taxes for these years. The assessment resulted from the department's treating beer pickups in Wisconsin by out-of-state wholesalers as Wisconsin sales and adding those sales to the numerator. Pabst challenged the resulting assessment before the Tax Appeals Commission and circuit court. The commission upheld the department's determination and the circuit court reversed.

The meaning of sec. 71.07(2)(c)2, Stats., is the issue before us. The meaning of a statute is a question of law which we review without deference to the trial court's decision. *Revenue Dept. v. Milwaukee Brewers,* 111 Wis. 2d 571, 577, 331 N.W.2d 383, 386 (1983). The aim of statutory construction is to discern the legislature's intent. *State v. Denter,* 121 Wis. 2d 118, 122, 357 N.W.2d 555, 557 (1984). Rules of construction are used only to

determine the meaning of an ambiguous statute. *State v. Tollefson,* 85 Wis. 2d 162, 167, 270 N.W.2d 201, 203 (1978). If a statute is ambiguous, to arrive at its reasonable meaning, we look to its statutory context, subject matter, scope, history and the object to be accomplished. *St. John Vianney Sch. v. Janesville Ed. Bd.,* 114 Wis. 2d 140, 151, 336 N.W.2d 387, 391 (Ct.App. 1983); *In Interest of I.V.,* 109 Wis. 2d 407, 409–10, 326 N.W.2d 127, 129 (Ct.App. 1982).

A statute is ambiguous if reasonable persons could disagree as to its meaning. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981). Whether a statute is ambiguous is a question of law. *St. John Vianney,* 114 Wis. 2d at 150, 336 N.W.2d at 391.

■

We conclude sec. 71.07(2)(c)2, Stats., ambiguously treats out-of-state purchasers. Two reasonable readings are possible. The phrase "within this state" may be read to modify "delivered or shipped." That reading makes the purchaser's physical possession of the product in Wisconsin the condition for a Wisconsin sale. The department and commission read the statute that way to conclude that Pabst's sales to out-of-state wholesalers who pick up the product in Milwaukee are sales "in this state." Alternatively, the phrase "within this state" may be read to modify "purchaser" rather than "delivered or shipped." If that is the reading, the purchaser's business location controls. Pabst argued and the circuit court accepted this position.

■

The parties advance alternative rules of construction to resolve the ambiguity. Pabst argues that an ambiguity in a tax statute must be resolved in favor of the taxpayer. *Dept. of Revenue v. Milwaukee Refining*

*Corp.*, 80 Wis. 2d 44, 48–49, 257 N.W.2d 855, 858 (1977). The department argues that deference is accorded to its reading, since it administers the state's tax laws. *Revenue Dept. v. Lake Wisconsin Country Club*, 123 Wis. 2d 239, 242–43, 365 N.W.2d 916, 918 (Ct.App. 1985). Each approach is tempered, however, by the principle that a rule of construction cannot be used to defeat the legislature's intent. *American Motors Corp. v. ILHR Dept.*, 101 Wis. 2d 337, 350–51, 356, 305 N.W.2d 62, 68, 71 (1981); *Milwaukee Refining*, 80 Wis. 2d at 49, 257 N.W.2d at 858.

■■

We conclude that the legislature intends "within this state" to modify "purchaser." Section 71.07(2)(c)2, Stats., provides that whether a sale occurs in this state is unaffected by "f.o.b. point or other conditions of the sale." The legislature's intent regarding the effect of those two factors is beyond dispute. Yet the department's approach makes a condition of the sale, the method of delivery, the central factor when determining Wisconsin sales, notwithstanding the contrary legislative intent expressed in sec. 71.07(2)(c)2. We therefore conclude that the location of the purchaser controls. That out-of-state wholesalers pick up Pabst's beer in Wisconsin rather than having it delivered is therefore immaterial. The department incorrectly relied on this distinction to impose additional franchise tax on Pabst.

*By the Court.*—Judgment affirmed.

DYKMAN, J. *(dissenting).* The majority concludes that whether a sale of beer is made "within this state" is determined by the residency of the purchaser. The statutory language from which the majority draws

its conclusion reads: "Sales of tangible personal property are in this state if . . . the property is delivered . . . to a purchaser . . . within this state. . . ." Section 71.07(2)(c)2, Stats. To reach its conclusion, the majority construes "within this state" to modify "purchaser," and then determines that a purchaser is not within this state if he or she resides outside Wisconsin but comes to Wisconsin to buy beer.

I had always thought that the way to determine whether an act occurred in Wisconsin was to observe the act, and then, using a map or survey, or common sense, conclude whether Wisconsin was the place where the act happened. It seems strange to examine a purchaser's driver's license, birth certificate, voting records or articles of incorporation to decide whether a person purchased beer in Wisconsin.

If a statute's meaning is clear on its face, a court is not to look outside the statute to determine legislative intent. *In Interest of J. V.R.,* 127 Wis. 2d 192, 199, 378 N.W.2d 266, 269 (1985). Section 71.07(2)(c)2, Stats., is clear to me, and I would end my inquiry here, affirming the Tax Appeals Commission. The alternative plain meaning rule adopted in *City of Madison v. Town of Fitchburg,* 112 Wis. 2d 224, 236, 332 N.W.2d 782, 787 (1983) providing that "the spirit or intention of a statute should govern over the literal or technical meaning of the language used" leads to the same conclusion. The spirit or intent of sec. 71.07(2)(c)2, Stats., is to provide revenue. *Shelley v. Department of Revenue,* 70 Wis. 2d 551, 557, 235 N.W.2d 515, 518 (1975).

The usual rule is that "as to questions of law, we will not reverse a determination made by the enforcing agency where such interpretation is one among several reasonable interpretations that can be made, equally

consistent with the purpose of the statute." (Footnote omitted.) *De Leeuw v. ILHR Dept.,* 71 Wis. 2d 446, 449, 238 N.W.2d 706, 709 (1976). This rule has also been stated as "[a]lthough this court is not bound by an agency's conclusion of law, we hesitate to substitute our judgment for that of the agency on a question of law if the agency's conclusion has a rational basis," *American Motors Corp. v. LIRC,* 119 Wis. 2d 706, 710, 350 N.W.2d 120, 122 (1984), and

> While the courts are not bound by the department's interpretation of the statute, the department's interpretation is entitled to considerable weight if the interpretation is reasonable and does not conflict with the legislative purpose, the legislative history, prior court decisions or constitutional prohibitions.

*Robert Hansen Trucking, Inc. v. LIRC,* 126 Wis. 2d 323, 332, 377 N.W.2d 151, 155 (1985).

The majority concludes the interpretations of sec. 71.07(2)(c)2, Stats., advanced by the Tax Appeals Commission and Pabst are both reasonable. This conclusion is, of course, necessary given the majority's determination that the statute is ambiguous. The holding that should follow that conclusion is that we will adopt the interpretation chosen by the administrative agency. The majority does the opposite because it concludes that place of delivery is a condition of sale made irrelevant by the words "f.o.b. point or other conditions of the sale." It does not consider whether the Tax Appeals Commission reasonably could have concluded that place of delivery is not a condition of sale. More importantly, the majority does not consider whether the word "other" excepts place of delivery from the conditions of sale it makes irrelevant by its interpretation of sec. 71.07(2)(c)2.

Rules of grammar aside, the Tax Appeals Commission interpreted sec. 71.07(2)(c)2, Stats., as it did because it recognized that the statute applied to far more items than beer. Its opinion reads: "[T]he statute at issue herein is equally applicable to all corporations required to apportion their income for Wisconsin tax purposes. As to certain types of businesses, such as multistate retailers, [Pabst's] interpretation would present an unmanageable and untenable record keeping problem." This is a rational reason to choose between two reasonable interpretations of the statute. Were I writing for the majority, I would affirm the commission's opinion.