Jason E. KELLNER, Gary Kellner, and Marilyn Mae Carraway, Plaintiffs-Appellants,†

v.

Richard CHRISTIAN, Beth Cox, and Karen Stoll, Defendants-Respondents.

Court of Appeals

*No. 93–1657. Submitted on briefs April 14, 1994.—Decided October 27, 1994.*

(Also reported in 525 N.W.2d 286.)

†Petition to review pending.

For the plaintiffs-appellant the cause was submitted on the briefs of *D.J. Weis* of *Johnson, Weis, Paulson & Priebe, S.C.* of Rhinelander.

For the defendant-respondent the cause was submitted on the brief of *James E. Doyle*, attorney

general, and *John J. Glinski*, assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.   Jason E. Kellner and his parents, Gary Kellner and Marilyn Mae Carraway, appeal from a judgment granting the State's motion for judgment on the pleadings because their notices of claim were defective. We conclude that the notices filed by Jason and his parents, Gary and Marilyn, were insufficient because they were not sworn to by the claimants as required by § 893.82(5), STATS.[1] We therefore affirm.

## BACKGROUND

On July 5, 1991, Jason, then a minor, was a resident in treatment in the child adolescent section of Mendota Mental Health Institute (MMHI). He was injured while playing basketball in the patient courtyard under the supervision of Richard Christian, a Residential Care Technician. At the time of the accident, Beth Cox was Director of MMHI and Karen Stoll was Management Services Director.

As a result of Jason's injuries, Jason and his parents decided to sue Christian, Cox and Stoll. Since the defendants were employees of the State of Wisconsin, § 893.82(5), STATS., required that Jason and his parents serve a notice of claim of injury on the attorney general. In October 1991, Jason and Gary met with their attorney who asked them to read the notices he had prepared, and inquired as to whether they understood

---

[1] Section 893.82(5), STATS., provides in pertinent part that the notice "shall be sworn to by the claimant and shall be served upon the attorney general at his or her office in the capitol by certified mail."

527

them and whether the contents contained therein were true and accurate to the best of their knowledge.

. Jason and Gary executed their notices, and their attorney, as guardian ad litem for Jason, also executed Jason's notice. These notices were signed before a notary public who verified that the signers were known to her to be the persons who signed the notices and acknowledged the same.[2] Marilyn, however, was not present at this meeting and her notice was witnessed by an individual not authorized to administer oaths. The notices were served on the attorney general. The State of Wisconsin denied their claim.

Jason and his parents filed suit in March 1992, attaching copies of their notices to the complaint. The State filed an answer and later moved for judgment on the pleadings on the grounds that the trial court lacked jurisdiction to hear the case because Jason and his parents had not complied with the requirements of § 893.82(5), STATS. Jason and his parents responded to the State's motion by filing affidavits describing the swearing ceremonies in which they participated. The State did not dispute the procedure employed by Jason, Gary and Marilyn in filing affidavits, but instead took the position that the affidavits were irrelevant. The trial court granted the State's motion for judgment on the pleadings because the notices were not properly sworn to under § 893.82(5). Jason, Gary and Marilyn appeal.

---

[2] The notary public wrote: "Personally came before me this 28th day of October, 1991, the above-named, ———, to me known to be the person who executed the foregoing instrument and acknowledged the same."

## STANDARD OF REVIEW

We review the meaning of a statute *de novo*. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). If the meaning of the statute is clear, we go no further. *Pabst Brewing Co. v. DOR*, 130 Wis. 2d 291, 294-95, 387 N.W.2d 121, 122 (Ct. App. 1986). Rules of construction are only used when the meaning of a statute is ambiguous. *Id.* A statute is ambiguous if it is capable of being understood by reasonably well-informed persons to have two or more different meanings. *State Public Defender v. Circuit Court*, 184 Wis. 2d 860, 867, 517 N.W.2d 144, 146 (1994). If the statute is ambiguous, we may then examine its statutory context, subject matter, scope, history and the object to be accomplished. *Pabst Brewing Co.*, 130 Wis. 2d at 295, 387 N.W.2d at 122.

## ANALYSIS

Section 893.82(5), STATS., requires that a notice of claim "shall be sworn to by the claimant . . . ." The plain language of § 893.82(5) is not ambiguous and requires that the claimant make an oath or affirmation as to the truthfulness of the contents contained within the notice. It also requires that the notice of claim show that the oath or affirmation occurred.

Jason and his parents do not argue that the statements contained on the face of their notices, alone, satisfy the statute. We agree. The notary public's statement contained in Jason and Gary's notices only rises to the level of an acknowledgement that Jason and Gary were who they purported to be. Similarly, the witness's signature contained in Marilyn's notice only

attests that Marilyn signed the notice. This does not verify the contents of the notice she executed.

Jason and his parents do, however, argue that by orally swearing to the truthfulness of the contents of their respective notices before they were executed, they have satisfactorily complied with the swearing requirement of the statute. Jason and his parents point to the broad language of § 887.03, STATS., which provides that "[a]ny oath or affidavit required or authorized by law may be taken in any of the usual forms, and every person swearing, affirming or declaring in any such form shall be deemed to have been lawfully sworn." They contend that not only do their actions conform with the language of this statute, but that the requirements of § 887.03 control the issue of whether a notice has been sworn to by the claimant. We disagree. Section 887.03 does not determine whether a statement served on the attorney general must show evidence that it has been sworn to, but merely describes the *manner* in which an oath may be administered.[3]

Section 893.82(1), STATS., was enacted to:

---

[3] Similarly, § 990.01(41), STATS., provides that " '[s]worn' includes 'affirmed' in all cases where by law an affirmation may be substituted for an oath," and § 990.01(24), provides that " '[o]ath' includes affirmation in all cases where by law an affirmation may be substituted for an oath. If any oath or affirmation is required to be taken such oath or affirmation shall be taken before and administered by some officer authorized by the laws of this state to administer oaths . . . ." However, § 990.01(24), refers to the form that a swearing might take, and does not address whether such an oath or swearing must be included in a notice of claim pursuant to § 893.82(5), STATS. Likewise, § 906.03, STATS., merely describes the proper manner in which an oath may be administered to a witness and does not indicate whether evidence of such oath must be provided to the attorney general in a notice of claim pursuant to § 893.82(5).

(a) Provide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state. (b) Provide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding. (c) Place a limit on the amounts recoverable in civil actions or civil proceedings against any state officer, employe or agent.

To ensure that the statute's goals are met, evidence that a claimant has sworn to the contents contained in the notice must be presented to the attorney general with the notice of claim.

First, as both parties have noted, § 893.82(2m), STATS., provides that "[n]o claimant may bring an action against a state officer, employe or agent *unless the claimant complies strictly* with the requirements of this section."[4] (Emphasis added.) The requirements of the statute are not general guidelines but are rules to

---

[4] The dissent ignores the express dictates of the legislature and does not consider this "strict compliance" requirement. Instead, it argues that if notaries public have disregarded a statute long enough, the courts should also disregard the statute. We cannot accept this notion. Section 887.03, STATS., requires that an oath or affidavit be taken in some form, not that the form be totally disregarded. The term "form" in that statute refers to an oath, an affirmation or a declaration, not to an absence of all three. We will not assume that because a person appears before a notary public, that person has affirmed the contents of the document. And, we do not equate an oath or affirmation with an acknowledgement just because a person has appeared before a notary public. Nor do we accept the dissent's prediction of more cases like this one. On the contrary, it is more likely, after this case, that notaries public, especially those who are attorneys, will conform to the law when they have been made aware of the consequences of not doing so.

which a claimant must adhere with exacting care. *Kelly v. Reyes*, 168 Wis. 2d 743, 746-47, 484 N.W.2d 388, 389 (Ct. App. 1992) (finding the statutory requirement that the notice be served by certified mail does not permit service via regular mail). In *Kelly*, we explained that a tight reading of the statute "helps to maintain a simple, orderly, and uniform way of conducting legal business." *Id.* at 747, 484 N.W.2d at 389. Thus, to ensure certainty, avoid a case-by-case analysis of whether a claimant has complied with the requirements of the statute and to avoid another level of litigation, evidence that the notice has been sworn to must be contained in the notice of claim.[5]

Second, evidence that the claimant has sworn to the truthfulness of the contents of the notice fosters judicial economy. Section 893.82(5), STATS., confirms that the claimant has carefully read the contents of the notice and has verified its facts. The attorney general cannot assume, absent evidence of some affirmation,

___

[5] Appellants also contend that *Redner v. Berning*, 153 Wis. 2d 383, 450 N.W.2d 808 (Ct. App. 1989), supports their argument that reading their notices and orally acknowledging that they understood the contents and that the contents of the notices were accurate and true, without a writing evidencing the same, satisfies the requirement that the notice of claim be "sworn to" under § 893.82(5), STATS. Their reliance on *Redner*, however, is misplaced. In *Redner*, a recall statute mandated *substantial*, as opposed to *strict*, compliance. *Id.* at 390-91, 450 N.W.2d at 811. The holding in *Redner* was that an affiant of a recall petition that swore "'that each of the signers is a qualified elector. . .' rather than *I know* 'that each of the signers is a qualified elector. . . .'" had substantially satisfied the requirement that the affiant know the respective residences of the electors. *Id.* at 393, 450 N.W.2d at 812. *Redner* does not control our interpretation of § 893.82(5), which requires strict compliance.

that the contents of the notice accurately reflect the facts of the case. The attorney general should not be required to investigate and litigate the issue if the claimant fails to include evidence that the notice has been sworn to. Thus, Jason and his parents' contention that they did swear to the contents of their notices before executing them is irrelevant absent the inclusion of such evidence in the notices.

Third, evidence that formalities, such as the execution of a sworn statement, have been complied with deter opportunities for false swearing. A claimant who makes a fraudulent claim subjects himself or herself to the possibility of being charged with false swearing under § 946.32(1)(a), STATS. A higher standard of accountability therefore helps to guarantee the veracity of statements contained within the notices.

Finally, § 893.82, STATS., is not simply an actual notice statute that permits procedural defects. *Carlson v. Pepin County*, 167 Wis. 2d 345, 357, 481 N.W.2d 498, 503 (Ct. App. 1992). Rather, strict compliance with § 893.82(5) is a condition precedent to pursuing a claim against the state. *Id.* at 358, 481 N.W.2d at 503. While the overall intent of the statute is to give the attorney general some general notice of claims against the state, this does not mean that the procedural requirements can be disposed of just because the attorney general receives and responds to a claim. *Kelly*, 168 Wis. 2d at 747-48, 484 N.W.2d at 389. The requirements of § 893.82(5) must be strictly complied with "even though it produces 'harsh consequences.' " *J.F. Ahern Co. v. Wisconsin State Bldg. Comm'n*, 114 Wis. 2d 69, 83, 336 N.W.2d 679, 686 (Ct. App. 1983) (quoting *Mannino v. Davenport*, 99 Wis. 2d 602, 615, 299 N.W.2d 823, 829 (1981)).

██

We conclude that § 893.82(5), STATS., requires that a claimant include evidence that he or she has sworn to the contents of the notice when it is filed with the attorney general. Jason and his parents failed to do this. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.

SUNDBY, J. (*concurring in part; dissenting in part*). After our decision in this case, the following scenario will be played out in the courtrooms across the state:

Q   You filed an affidavit in this action, did you not?

A   Yes.

Q   And did you sign the affidavit?

A   Yes.

Q   Did you sign that affidavit before a notary public?

A   Yes.

Q   Did you raise your right hand and swear that the contents of the affidavit were true of your own knowledge?

A   No.

[ATTORNEY]   Your Honor, I move to strike this witness's affidavit on the grounds that it is not sworn to as required by *Kellner v. Christian*.

[THE COURT]   Motion granted.

Section 887.03, STATS., provides:

> Any oath or affidavit required or authorized by law may be taken *in any of the usual forms,* and every person swearing, affirming *or declaring* in any such form shall be deemed to have been lawfully sworn.

(Emphasis added.)

In my experience, a person is "deemed to have been lawfully sworn" when he or she appears before a notary public and his or her signature is notarized. I believe the legislature has recognized that, in practice, notaries simply do not require persons who appear before them to make an oath.

According to the "usual form[ ]," a person appearing before a notary public does not swear to the affidavit but "declar[es]" or "acknowledge[s]" the facts recited in the affidavit. As is usual, here the notary's jurat stated: "Personally came before me this 28th day of October, 1991, the above-named, ——— , to me known to be the person who executed the foregoing instrument *and acknowledged the same.*" (Emphasis added.) According to BLACK'S LAW DICTIONARY: "To 'acknowledge' is to admit, affirm, declare, testify, avow, confess, or own as genuine." BLACK'S LAW DICTIONARY 23 (6th ed. 1990). Black defines the notary's "jurat" as the "[c]ertificate of officer or person before whom writing was sworn to. In common use[,] term is employed to designate certificate of competent administering officer that writing was sworn to by person who signed it." *Id.* at 852. I conclude that when a person "acknowledge[s]" an instrument before a notary public, the person intends to "declare" and "avow" the genuineness of the instrument, including the declarations made therein. If, as contended by the State, a notice of claim is not "sworn" to unless the affiant makes the formal oath prescribed by § 19.01(1) and (1m), STATS., § 887.03,

535

STATS., is unnecessary. That statute is written in the disjunctive; it applies to an "oath *or* affidavit." (Emphasis added.) How the person shall make the oath or affidavit is also in the disjunctive: a person may swear, affirm, or declare as to the facts in an affidavit. Plainly, the legislature intended to allow the verification, attestation, or affirmance of a statement to be made in circumstances having an inherent trustworthiness. I therefore conclude that the notices of claim filed by Jason and his father satisfy § 893.82(5), STATS. However, Marilyn Carraway's notice of claim is insufficient. I would therefore affirm the judgment dismissing Marilyn's claim and reverse the judgment dismissing Jason's and his father's notices of claim.[1]

The State does not argue that Jason and his parents do not have a claim for Jason's injuries. Nor does the State argue that Jason's and his father's notices of claim do not give the State adequate notice of the circumstances surrounding Jason's injury. I do not believe that the State should deny their claim by applying to § 893.82(5), STATS., an excessively technical construction. For these reasons I respectfully dissent.

---

[1] The purpose of § 893.82(5), STATS., is satisfied by the requirement of § 802.05(1)(a), STATS., that the signature of a party or an attorney to any pleading, motion or "other paper" in an action constitutes a certificate that the pleading, motion or other paper "is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law . . . ." Because a notice of claim must be presented before a claimant may begin an action under § 893.82, I conclude that the notice is a "paper" in the action within the meaning of § 802.05(1)(a).