James E. JOHNSON, Petitioner-Appellant,†

v.

LABOR & INDUSTRY REVIEW COMMISSION, Respondent-
Respondent.

Court of Appeals

*No. 95–2346. Submitted on briefs January 30, 1996.—Decided
March 5, 1996.*

(Also reported in 547 N.W.2d 783.)

†Petition to review denied.

716

717

On behalf of petitioner-appellant, the cause was submitted on the briefs of *Joseph J. Roby, Jr.,* and *Sally L. Tarnowski* of *Johnson, Killen, Thibodeau & Seiler, P.A.* of Duluth, MN.

On behalf of respondent-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *David C. Rice,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.    James Johnson appeals a judgment affirming the Labor and Industry Review Commission's dismissal of Johnson's age discrimination suit against the City of Superior Fire Department (SFD). LIRC held Johnson's complaint failed to state a claim because § 111.33(2)(f), STATS., permits an employer to exercise an age distinction with respect to certain employment in which the employee is exposed to physical danger or hazard, including fire fighting.[1] Johnson argues that the SFD waived this statutory

---

[1] Section 111.33(2), STATS., provides in part:

(2) Notwithstanding sub. (1) and s. 111.322, it is not employment discrimination because of age to do any of the following:

. . . .

defense by failing to raise it. Alternatively, Johnson argues that even if the SFD did not waive this defense, the statute is inapplicable because the SFD never expressly "exercised" an age distinction when it failed to hire him, and because the SFD did not prove age is a bona fide occupational qualification (BFOQ). We reject Johnson's arguments and affirm LIRC's decision.

Johnson was born on December 29, 1930. In July 1989, he applied for employment as an entry level fire fighter with the SFD. He passed the applicable tests, including a strenuous physical test, and was placed on a short list of qualified candidates. Although several positions opened, Johnson was only interviewed once and never received a job offer. The positions were all filled with candidates under forty. During the period in which Johnson was on the list of qualified candidates, the SFD never informed Johnson that his age was a factor in its hiring decision.

Johnson filed an age discrimination suit against the SFD. At the Department of Industry, Labor and Human Relations hearing, both parties introduced substantial evidence whether the SFD discriminated against Johnson on the basis of age. The administrative law judge sua sponte raised the issue whether § 111.33(2)(f), STATS., exempted the SFD from suit and gave the parties the opportunity to brief the issue. The ALJ eventually dismissed the suit on the grounds that the subsection exempts the occupation of fire fighting from age discrimination suits. The ALJ did not reach the issue whether the SFD actually discriminated against Johnson on the basis of age.

(f)  To exercise an age distinction with respect to employment in which the employe is exposed to physical danger or hazard, includ-ing, without limitation because of enumeration, certain employment in law enforcement or fire fighting.

LIRC affirmed the ALJ on the grounds that § 111.33(2)(f), STATS., exempts discrimination claims on the basis of age with respect to employment in fire fighting. LIRC also held that "the legislature deemed age to be a bona fide occupational qualification [BFOQ] reasonably necessary in jobs such as fire fighting" by enacting § 111.33(2)(f). The circuit court affirmed LIRC.

We review LIRC's decision, and our scope of review is the same as the circuit court. *DILHR v. LIRC*, 155 Wis. 2d 256, 262, 456 N.W.2d 162, 164 (Ct. App. 1990). Johnson's arguments raise issues of interpretation of statutes and the Wisconsin Administrative Code. Statutory interpretation is a question of law we review de novo. *Richland County DSS v. DHSS*, 183 Wis. 2d 61, 66, 515 N.W.2d 272, 275 (Ct. App. 1994). However, we apply one of three levels of deference to an agency's conclusion of law. *Sauk County v. WERC*, 165 Wis. 2d 406, 413-14, 477 N.W.2d 267, 270 (1991). We apply due weight to determinations of very nearly first impression and no weight to determinations of first impression. *Id.* at 413-14, 477 N.W.2d at 270-71.

Our issue is one of very nearly first impression. LIRC has not recited any instance in which it has decided a dispute involving the statutory age exemption for fire fighters. Therefore, we give its interpretation due weight, not great weight. *See Bunker v. LIRC*, 197 Wis. 2d 606, 612-13, 541 N.W.2d 168, 171 (Ct. App. 1995).

## WAIVER

Johnson argues that § 111.33(2)(f), STATS., is an affirmative defense to an age discrimination suit and

721

that the SFD waived the defense by failing to raise it by motion or in its answer, citing § 802.02(3), STATS., and cases decided thereunder. Section 802.02(3) has no application to the administrative proceedings conducted here because § 801.01(2), STATS., provides in relevant part: "Chapters 801 to 847 govern procedure and practice in *circuit courts* of this state . . . ." (Emphasis added.) The procedure in this case is established by a provision found in the Wisconsin Administrative Code.

Johnson fails to discuss the terms of WIS. ADM. CODE § IND. 88.11(2) (now § ILHR 218.12(2), effective on July 1, 1995). This provision states in relevant part:

> Any affirmative defense relied upon, including without limitation the statute of limitations, shall be raised in the answer unless it has previously been raised by a motion in writing. Failure to raise the affirmative defense that a complaint is barred by the statute of limitations in a timely filed answer may, in the absence of good cause, be held to constitute a waiver of such affirmative defense.

Initially, there is an issue whether § 111.32(2), STATS., is an "affirmative defense" so as to require that it be raised in the answer. Assuming without deciding that it is an affirmative defense, there is an issue whether we should defer to LIRC's decision to apply the statute on the merits, because the ALJ gave the parties a full and fair opportunity to brief the application of § 111.32(2). Further, there is the issue whether § IND. 88.11(2), by expressly stating that a failure to raise the statute of limitations may constitute a waiver, suggests that failing to raise other defenses does not constitute a waiver. Johnson addresses none of these

722

issues. We need not review on appeal issues inadequately briefed. *In re Estate of Balkus*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985).

Moreover, Johnson offers no support for his contention that the SFD's failure to raise § 111.33(2)(f), STATS., in its answer was prejudicial. He implies that he was denied the opportunity to present evidence that the employment he sought did not expose him to hazard or physical danger. In other words, Johnson is suggesting that the job for which he applied may not have been among "*certain* employment in . . . firefighting" covered by § 111.33(2). The record is silent concerning the precise nature of an entry level fire fighter's duties. Johnson made no offer of proof to support his contention when the ALJ raised the issue of the statute at the hearing. The facts that the SFD required the applicants here to undergo vigorous physical testing, and that an entry level fire fighter position by its very nature is one that exposes the employee to physical danger, contradict Johnson's unsupported argument that he was prejudiced. For all of these reasons, we affirm LIRC's decision to apply the statute to the facts presented.

### CONSISTENT EXERCISE OF AGE DISTINCTION

Johnson argues that the SFD "never exercised an age distinction as required by the statute." Apparently he is arguing that the SFD may raise the provisions of § 111.33(2)(f), STATS., only where it can show that it consistently and deliberately chose to use age as a bar to employment. Thus, he concludes, because the record suggests that the SFD consistently denied it used age as a factor in hiring fire fighters, it cannot inject this

statute as a defense. LIRC rejected this argument and decided that the statute exempts any type of age discrimination in the protected fire fighting positions.

Section 111.33(2)(f), STATS., unambiguously applies to all situations where an employer makes an employment decision on the basis of age. Only if the statute is ambiguous can we go beyond its plain language to interpret it. *Kellner v. Christian*, 188 Wis. 2d 525, 528, 525 N.W.2d 286, 288 (Ct. App. 1994). A statute is ambiguous if it is capable of being understood differently by reasonably well-informed persons. *General Tel. Co. of WI, Inc. v. A Corp.*, 147 Wis. 2d 461, 464, 433 N.W.2d 264, 265 (Ct. App. 1988). The statute provides no indication that an employer must expressly and consistently discriminate as Johnson suggests. Because the statute is unambiguous, we apply its plain meaning. *See Combined Investigative Servs. v. Scottsdale Ins. Co.*, 165 Wis. 2d 262, 273, 477 N.W.2d 82, 86 (Ct. App. 1991).

## BONA FIDE OCCUPATIONAL QUALIFICATION

Johnson's last argument is that § 111.33(2)(f), STATS., does not exempt an employer from a discrimination suit unless the employer proves that age is a "bona fide occupational qualification" in each particular case. We disagree.

Section 111.33(1), STATS., provides: "The prohibition against employment discrimination on the basis of age applies only to discrimination against an individual who is age 40 or over." Section 111.33(2), STATS., *see* note 1, then exempts from this declaration the exercise of an age distinction with respect to certain dangerous occupations, including fire fighting. The only reasona-

724

ble meaning to give to these closely related provisions is that the state legislature has allowed an employer to discriminate against those persons forty and over when hiring persons engaged in certain dangerous occupations. We therefore adopt LIRC's conclusion that "the legislature deemed age to be a bona fide occupational qualification reasonably necessary in jobs such as firefighting."

Despite the plain language of § 111.33, STATS., Johnson cites *Johnson v. Mayor & City Council*, 472 U.S. 353 (1985), in support of his interpretation of § 111.33. Because *Johnson* interpreted the federal Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634, it has no application here. The federal ADEA at issue in *Johnson* made hiring age discrimination against employees who are between forty and seventy unlawful, 29 U.S.C. § 621(a), but contained an exception where age is "a bona fide occupational qualification reasonably necessary to the normal operation of the particular business." 29 U.S.C. § 623(f)(1).

Johnson does not contend, nor could he, that the ADEA preempts age discrimination law. Evidence that Congress intended to preempt is first sought in the text and structure of the statute itself. *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 113 S.Ct. 1732, 1737 (1993). The federal ADEA, § 633(a) and (b), provides:

**(a) Federal action superseding State action**

Nothing in this chapter shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon

725

commencement of action under this chapter such action shall supersede any State action.

### (b) Limitation of Federal action upon commencement of State proceedings

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law; unless such proceedings have been earlier terminated . . . .

Other federal decisions implicitly recognize that state age discrimination laws need not conform to the federal law. *See Heiar v. Crawford County*, 746 F.2d 1190 (7th Cir. 1984). *Heiar* involved several Wisconsin deputy sheriffs who successfully obtained relief against a county employer under the federal ADEA and noted that Wisconsin's age discrimination statute "certainly appears to exempt the County . . . ." *Id.* at 1195; *see also Galvin v. Vermont*, 598 F.Supp. 144 (D.C. Vt. 1984) (discussing the provision of a Vermont age discrimination statute similar to the Wisconsin Statute discussed in *Heiar*).

## CONCLUSION

We affirm LIRC's dismissal of Johnson's suit for failure to state a claim. Section 111.33(2)(f), STATS., exempts the SFD from Johnson's age discrimination suit. The SFD did not waive the exemption, and a defendant need not show that it openly and consistently discriminated to be exempted by subsec. (2)(f).

726

Finally, Johnson's reliance on federal ADEA cases is misplaced because the SFD need not establish a BFOQ exemption.

*By the Court.*—Judgment affirmed.