STATE of Wisconsin, Plaintiff-Respondent,

v.

Lewis MASON, Defendant-Appellant.

Court of Appeals

*No. 85–1871–CR. Argued April 8, 1986.—Decided July 9, 1986.*

(Also reported in 393 N.W.2d 102.)

For the defendant-appellant, there were briefs and oral argument by *William J. Tyroler,* assistant state public defender.

For the plaintiff-respondent, there were briefs by *Bronson C. La Follette,* attorney general and *Sally Wellman,* assistant attorney general. Oral argument by *Sally Wellman.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.    The issue is whether the state is permitted under sec. 904.10, Stats., to use statements made during a hearing on a guilty plea, later withdrawn, for impeachment purposes at a subsequent trial. We conclude that sec. 904.10 renders statements made during a guilty plea hearing inadmissible for any purpose at a subsequent trial and we reverse.[1]

Lewis Mason was charged with four counts of sexual assault (two counts of first-degree sexual assault and two counts of incest) against his daughter. Faced with these charges, Mason struck a plea bargain

---

[1] Because we reverse on the issue of the admissibility of the plea-related statements at trial, we need not address Mason's argument that his statements at the plea hearing were involuntarily made.

wherein he agreed to plead guilty to one count and have the other three dismissed. At a plea hearing held on December 13, 1984, Mason admitted to having had sexual relations with his fourteen-year-old daughter.

Approximately one month later, Mason was allowed to withdraw his guilty plea after he indicated to the probation officer that he did not want to go through with the plea negotiation. Mason recognized that his attorney had negotiated a very favorable deal for him but stated to the court, "[A]s I see it, my daughter is lying and I know this for a fact."

On direct examination at the subsequent trial, Mason denied ever having had sexual intercourse with his daughter. During a side bar conference held off the record in the course of cross-examination, the prosecutor apparently indicated to the court that she intended to use Mason's statements made at the plea hearing for impeachment purposes. Argument was subsequently held to the court. Defense counsel objected to the introduction of the plea-related statements and argued that sec. 904.10, Stats., prohibits the use of such evidence. The prosecutor countered by arguing that the statute should not be construed as "a cloak to perjury," citing *Harris v. New York,* 401 U.S. 222 (1971), and cases decided thereafter.

The trial court found that Mason's statements at the plea hearing, voluntarily made, were completely contradictory to the statement he made at trial. The trial court ruled that Mason's offer to plead guilty was not admissible but that any of his other statements made at the plea hearing were admissible for impeachment purposes. The trial court stated:

> The *Harris* case stands for the proposition that a person does not have free reign to come up and com-

mit perjury, and it allows the district attorney to use the truth searching devices on cross-examination, which include prior statements, and I cannot see that it should be precluded by anything that was brought up.

The prosecutor was then permitted to engage in the following colloquy with Mason:

Q  All right. Isn't it a fact, Mr. Mason, that on December 13th in this courtroom you told the judge that you in fact had had sexual relations, sexual intercourse with your daughter . . . ?

A  Yes, I did, but it was under the assumption that I was going to be giving—given a plea bargain, and at that time I had said that I did, but at that time, no, I had not had any sexual relations with my daughter whatsoever. I was under—

Q  But you said that you had?

A  Yes.

Q  In fact, Mr. Mason, at that time on December 13th you went so far as to say I didn't use a knife, that's not true, but I did have sexual intercourse with my daughter. That part?

A  Yes, that is what I said.

Q  That part of it is true. You distinguished between certain aspects of the charge?

A  Yes, but I was under the assumption that I was going to get a one year in the county jail and five years probation as this was to take and save my job at American Motors, and this is what my attorney had pushed me into and I then said yeah, I'll take it.

Q  So you're saying you were forced to do this?

430

A   Yes.

The prosecutor then read aloud portions of the transcript of the plea hearing, including Mason's admission that he had sexual relations with his daughter.

Mason argued at his motion for a new trial and he argues now that under sec. 904.10, Stats., the introduction into evidence of any plea bargain-related statements for any purpose, including impeachment, is impermissible. We agree.

Section 904.10, Stats., provides:

**Offer to plead guilty; no contest; withdrawn plea of guilty.** Evidence of a plea of guilty, later withdrawn, or a plea of no contest, or of an offer to the court or prosecuting attorney to plead guilty or no contest to the crime charged or any other crime, or in civil forfeiture actions, is not admissible in any civil or criminal proceeding against the person who made the plea or offer or one liable for his conduct. Evidence of statements made in court or to the prosecuting attorney in connection with any of the foregoing pleas or offers is not admissible.

█
The construction of a statute in relation to a given set of facts is a question of law. *State v. Clausen,* 105 Wis. 2d 231, 243, 313 N.W.2d 819, 825 (1982). Therefore, we need not give special deference to the circuit court's determination. *LePoidevin v. Wilson,* 111 Wis. 2d 116, 121, 330 N.W.2d 555, 558 (1983).

█
We employ a number of well-settled rules of statutory construction which must guide our analysis of sec. 904.10, Stats. Principally, our purpose is to ascertain and give effect to the intent of the statute, which we determine by looking to the language of the statute it-

self. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537–38, 345 N.W.2d 389, 394 (1984). When the statutory language is clear and unambiguous, the statute must be interpreted on the basis of the plain meaning of its terms. *State v. Wittrock,* 119 Wis. 2d 664, 670, 350 N.W.2d 647, 651 (1984). In such an instance, it is improper to resort to extrinsic aids to determine the meaning intended. *Tahtinen v. MSI Insurance Co.,* 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985); *Standard Theatres, Inc. v. Department of Transportation,* 118 Wis. 2d 730, 740, 349 N.W.2d 661, 667 (1984). However, a court may resort to extrinsic aids when faced with a statute whose meaning is clear if a literal application of the statute would lead to an absurd or unreasonable result. *Coca-Cola Bottling Co. v. LaFollette,* 106 Wis. 2d 162, 170, 316 N.W.2d 129, 133 (Ct. App. 1982).

The threshold question we must address before construing sec. 904.10, Stats., is whether the statute is ambiguous. *See Tahtinen* at 166, 361 N.W.2d at 677. A statute is ambiguous if it is capable of being construed in two different ways by reasonably well-informed persons. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981).

We conclude that sec. 904.10, Stats., is clear and unambiguous on its face; therefore, resort to extrinsic aids is not necessary to determine its intent. *Cf. State v. Denter,* 121 Wis. 2d 118, 123, 357 N.W.2d 555, 557 (1984). The intent is plainly set forth in the last sentence of the statute which provides, "Evidence of statements made in court or to the prosecuting attorney in connection with any of the foregoing pleas or offers *is not admissible.*" Section 904.10 (emphasis added). This

432

sentence clearly states, without limitation or qualification, that such statements are not admissible.[2] We thus conclude that the language of sec. 904.10 clearly and unambiguously indicates the intent to prohibit for any purpose the use of statements made in connection with a guilty plea, later withdrawn, at a subsequent trial.

*By the Court.*—Judgment and order reversed and cause remanded for a new trial.

---

[2] The state argues that our construction of sec. 904.10, Stats., leads to an unreasonable result. In *State v. Nash,* 123 Wis. 2d 154, 159, 366 N.W.2d 146, 151 (Ct. App. 1985), we reasoned that the exclusion in sec. 904.10 was created to allow for free and open discussion between the prosecution and defense during attempts to reach a compromise. There is, therefore, a cogent reason for the statute encompassing all statements made pursuant to plea hearings. If the state is of the view that the *Harris* rationale should overrule the clear meaning of sec. 904.10, then it should seek a revision of the rule before the supreme court. Even were we to agree with the state's position, it would be inappropriate for this court to literally amend the clear meaning of the statute by construing it in the manner urged by the state.